UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>BASSAM MANNA ALFROUKH,<br><br>    Defendant. | CRIMINAL ACTION<br>NO. 5:16-70-KKC-REW<br><br><br>OPINION & ORDER |

    This matter is before the Court on defendant Bassam Manna Alfroukh's motion for a judgment of acquittal (DE 57) and motion for a new trial (DE 58). For the following reasons, both of Alfroukh's motions will be **DENIED**.

    A federal grand jury indicted Alfroukh in August 2016 on six counts: one count of conspiracy to commit mail and wire fraud; four counts of mail fraud, aiding and abetting; and one count of conspiracy to commit arson. (DE 1). As the Court has explained before (DE 41), this case arose out of a scheme to set fire to a rental home in order for the owner, Alfroukh, and the renters, Jennifer Rawlings and Rondale McCann, to obtain insurance proceeds for the losses.

    Alfroukh waived his right to a jury trial (DE 35) pursuant to Federal Rule of Criminal Procedure 23(a). After a two-day bench trial, the Court found Alfroukh guilty on all counts alleged in the indictment. (DE 38). Following the trial, the Court issued written supplemental findings of fact. (DE 41). Alfroukh now moves for a judgment of acquittal and a new trial.

    In his motion for a judgment of acquittal, Alfroukh argues that the evidence was insufficient to support convictions on the counts alleged in the indictment. "The standard for determining whether a motion for a judgment of acquittal should be granted is whether, after

1

viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gibson*, 409 F.3d 325, 332 (6th Cir. 2005) (emphasis in original) (internal citations omitted); *see also United States v. Gravely*, 282 F. App'x 401, 404 (6th Cir. 2008) (applying sufficiency of the evidence standard when reviewing a motion for a judgment of acquittal after a bench trial). "The Court affords the Government 'the benefit of all inferences which can reasonably be drawn from the evidence, even if the evidence is circumstantial.'" *United States v. Groves*, No. 5:12-CR-00043-TBR, 2015 WL 94141, at *1 (W.D. Ky. Jan. 7, 2015) (quoting *United States v. Carter,* 355 F.3d 920, 925 (6th Cir. 2004)).

Here, Alfroukh argues that this Court erroneously assigned credibility to the testimony of Jeffrey Willis. However, because Alfroukh decided to proceed by bench trial in this matter, the Court is being asked to reweigh the credibility determinations made at trial, which it could not do had this case been tried before a jury. *See id.* (citing *Carter*, 355 F.3d at 925). Still, as will be discussed shortly, the Court's judgment was supported by substantial and competent evidence upon the record as a whole. *See id.*

Alfroukh's motion for a new trial relies on the same facts as his motion for a judgment of acquittal. Under the Federal Rules of Criminal Procedure, the Court, upon a defendant's motion, may vacate any judgment and grant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). "If the case was tried without a jury, the Court may take additional testimony and enter a new judgment." *Id.*

Alfroukh argues that the Court's verdict was against the manifest weight of the evidence. Generally, a motion for a new trial arguing such grounds will only be granted "in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *United States v. Hughes*, 505 F.3d 578, 592–93 (6th Cir. 2007) (internal citations omitted).

The crux of Alfroukh's motions is that the Court improperly found certain portions of Willis' testimony to be credible. However, as the Court explained on the bench after listening to the evidence in real time (DE 38; DE 63), and as it explained in its supplemental findings of fact issued within days of the bench trial (DE 41), the Court did not rely *solely* on Willis' testimony in reaching a guilty verdict on each count alleged in the indictment.

For instance, on the arson-conspiracy count, the Court also found the supporting testimony of Jason Bledsoe to be credible. Bledsoe testified that Alfroukh paid for a drop phone[1] for Willis and Bledsoe to use when committing the arson and that Alfroukh told Bledsoe to keep an eye on Willis during the arson. (DE 54, Tr. at 200–02). Bledsoe also testified that Alfroukh had conversations regarding the arson right before it occurred. (DE 54, Tr. at 193:4).

Moreover, other credible evidence supported the Court's guilty verdict on the count alleging a conspiracy to commit mail and wire fraud. This evidence includes that Alfroukh raised the policy limits on his property shortly before the fire (DE 54, Tr. at 238:22–25, 239:1–6), that Rawlings obtained renter's insurance shortly before the fire (DE 55, Tr. at 31:15–17), that Rawlings and McCann moved valuable items out of the house before the fire (DE 54, Tr. at 91–92), that Alfroukh told Willis to "slow down" his visits to Alfroukh's store (DE 54, Tr. 54, Tr. at 33:14–16), and that Alfroukh had talked with Willis about Alfroukh's homeowner's insurance (DE 54, Tr. at 203:23–25).

The evidence further supported a guilty verdict on each of the mail fraud counts because it established that Alfroukh submitted his proof of loss claims and collected from his

---

[1] In its previous findings, this Court used the word "phones." (DE 63, Tr. at 9:3, 11:19; DE 41, Findings at 2). However, Bledsoe testified that Alfroukh paid for the purchase of a single phone. (DE 54, Tr. at 201:5).

3

insurance company on the losses, even though he knew the claims were based on an arson in which he had a role.

Alfroukh's counsel has filed strong pleadings on his behalf, but, ultimately, this Court's previous decision was not based on the credibility of Willis alone. Instead, the Court found critical portions of Willis' testimony to be corroborated by the testimony of other witnesses, including Bledsoe. As this Court served as the trier of fact, it remains persuaded by the evidence as established at trial.

For all of these reasons, and those the Court addressed when rendering its verdict (DE 38; DE 63) and in issuing its supplemental findings of fact (DE 41), Alfroukh's motion for a judgment of acquittal (DE 57) and his motion for a new trial (DE 58) are **DENIED**.

Dated July 18, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY